IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>TOP RANK, INC., a Nevada corporation, and TERENCE CRAWFORD, an individual,<br><br>Defendants. | CASE NO. 8:17-cv-00011<br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the parties' Stipulated Protective Order.  ([Filing No. 31](#).)  The Stipulation is approved.  Pursuant to the parties' Stipulation,

**IT IS HERBEY ORDERED** as follows:

### Confidential Designations

1. The term "Confidential Information" shall mean and include documents, information or materials that a party contends relate to sensitive fighter, customer, marketing, financial, proprietary, trade secret and non-public product or development information, and are designated in good faith as "Confidential" at the time of their production or disclosure in this action.  As a general guideline, materials designated "Confidential" shall be those confidential and sensitive matters that may be disclosed to the parties for the purpose of the litigation, but which a producing or disclosing party contends must be protected against disclosure to third parties.

2. Absent a specific order by this Court, information once designated as "Confidential" shall be used by parties solely in connection with this litigation, and not for any business or competitive purpose or function and such information shall not be disclosed to anyone except as provided herein.  A designation of any information as "Confidential" constitutes certification by the designating party that such person has reviewed the Confidential Information and has made a bona fide determination that: (1) such information contains trade secrets, competitively sensitive information or other confidential information; (2) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm; and (3) there is good cause for seeking the Court's protection.

## Persons Permitted to Have Access to Confidential Information

3. The following persons may have access to Confidential Information marked in this action:

(a) Trial counsel of record for the parties and all partners, associates, and law firm staff thereof who are performing legal services in connection with this action;

(b) Judges, court personnel and stenographic reporters engaged in proceedings incident to preparation for trial or trial; and

(c) Technical, trade, or financial experts or any other persons retained by trial counsel who are reasonably necessary to assist trial counsel of record in this action who execute a Protective Order Acknowledgement.

(d) Each party and their respective accountants, officers, directors, managers, corporate representatives and in-house attorneys for each party, who are necessary to the defense or prosecution of any issues in this matter.

## No Waiver of Right to Object or Challenge Designation

4. The signing of the Order on this Stipulation, or failure of a party, at the time it receives Confidential Information, to challenge or object to the "Confidential" designation shall not be deemed a waiver of its right to challenge or object to the "Confidential" designation at any later time. The passage of time before challenge or objecting to such designation shall not be a factor weighing against such challenge or objection.

## Matters Otherwise Known Shall Not be Confidential Information

5. Confidential Information shall not include any document, information or other materials which:

    a. has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

    b. already known to or received by a receiving party, prior to the mutual execution of this Stipulation by all parties hereto by their counsel herein;

c. was already known to a receiving party by lawful means prior to acquisition from, or disclosure by, the producing party; or

d. is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

**Duty of Care and Duty To Report Unauthorized Disclosure**

6. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

7. If Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

8. Any pleading, paper or other document filed in this action which contains or discloses Confidential Information shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is confidential, for use by the Court only, and to be maintained under seal pursuant to the terms of the Order on this Stipulation.

**Designation of Information at Deposition: Subsequent Designation**

9. Information disclosed at a deposition may be designated as "Confidential" by either indicating on the record at the deposition that the testimony is "Confidential" or by notifying the opposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are "Confidential." Documents produced by any party which contain Confidential Information shall be designated and marked by the producing party at the time of production. However, if a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, and consistent with provisions and principles underpinning Chapter 49 of the Nevada Revised Statutes regarding evidence that is subject to defined privileges, the producing party may give written notice to the receiving party that the document or thing produced is deemed "Confidential" and should be treated as such in accordance with the provisions of this Order. The receiving party shall treat such documents and things as Confidential Information from the date such notice is received. Disclosure, prior to the receipt of

such notice, of such Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of the Order on this Stipulation.

### Disposition of Confidential Information After Conclusion Of This Action

10. Within sixty (60) days of the later of the final conclusion of this action, including any appeals or petitions for review or either of such actions, all Confidential Information, including all electronic and photocopies thereof, shall be destroyed by the receiving party (or, upon request, returned to the producing party at the producing party's expense). Provided, however, that attorneys of record for each party shall be entitled to retain all exhibits admitted into evidence at trial, pleadings, motion papers, discovery responses, deposition transcripts and exhibits, legal memoranda, correspondence and work product.

### The Stipulation and Order Thereon Not
### Dispositive Of All Issues Regarding Confidential Information

11. The Stipulation and Order thereon are not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity, or to preclude any party from seeking relief either from a provision of this Order on the Stipulation or any other relief from this Court which may be appropriate under state or federal law regarding evidence that is subject to defined privileges. Inadvertent production of documents subject to work product immunity or the attorney client privilege shall not constitute a waiver of the immunity of privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production. If prompt notification is made and the producing party establishes the circumstances surrounding the documents' inadvertent production, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed, upon request.

### Procedure For Challenging Designation by Producing Party

12. If a party challenges the grounds or basis for the designation of any document(s) or information as Confidential, counsel for the affected parties shall meet and confer expeditiously, including by personal consultation with a sincere effort to resolve the disputed issues without court action.

13. Any party to the Stipulation may, at any time, request the modification of the Order entered on the Stipulation, upon a showing of good cause.

14. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

Dated this 4th day of May, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge