IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship, <br><br> Plaintiff, <br><br> vs. <br><br> TOP RANK, INC., a Nevada corporation, and TERRENCE CRAWFORD, an individual, <br><br> Defendant. | Case No.: 8:17-cv-00011-JMG-SMB <br><br> **DEFENDANT TOP RANK, INC.'S ANSWER TO PLAINTIFF MIDDENDORF SPORTS' SECOND AMENDED COMPLAINT** |

Comes now the Defendant Top Rank, Inc. and for Answer to the Second Amended Complaint of the Plaintiff herein alleges, states and denies as follows:

## ANSWER

Except as otherwise admitted, Defendant Top Rank, Inc. ("Top Rank") generally denies all of the allegations contained in the Second Amended Complaint, including the headings contained therein (which are repeated below solely for ease of reference).

## PARTIES

1. Top Rank is without sufficient basis to form a belief as to the truth or falsity of the allegations contained in paragraph 1 and, therefore, denies them.

2. Top Rank admits the allegations contained in paragraph 2.

3. Top Rank is without sufficient basis to form a belief as to the truth or falsity of the allegations contained in paragraph 3 and, therefore, denies them. No response is required to the allegations in Paragraph 3, footnote 1. To the extent a response is required, Top Rank denies them.

## FACTUAL ALLEGATIONS

4. Top Rank is without sufficient basis to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and, therefore, denies them.

5. Top Rank admits that Top Rank negotiated the Top Rank Promotional Rights Agreement in summer 2011. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 5.

6. Top Rank admits the existence of the Top Rank Promotional Rights Agreement referenced in paragraph 6 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Top Rank Promotional Rights Agreement, which speaks for itself.

7. Top Rank admits the existence of the Agreement and Release referenced in paragraph 7 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Agreement and Release, which speaks for itself. Top Rank is without sufficient basis to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 and, therefore, denies them.

8. Top Rank admits the existence of the Top Rank Promotional Rights Agreement referenced in paragraph 8 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Top Rank Promotional Rights Agreement, which speaks for itself.

9. Top Rank admits the existence of the Notice of Agreed Assignment of Rights referenced in paragraph 9 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Top Rank Promotional Rights Agreement, which speaks for itself. Top Rank is without sufficient basis to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 and, therefore, denies them.

10. Top Rank admits the existence of the Exclusive Restated Promotional Rights Agreement referenced in paragraph 10 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Exclusive Restated Promotional Rights Agreement, which speaks for itself.

11. Top Rank admits the existence of the Exclusive Restated Promotional Rights Agreement referenced in paragraph 11 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Exclusive Restated Promotional Rights Agreement, which speaks for itself.

12. Top Rank admits the existence of the Exclusive Restated Promotional Rights Agreement referenced in paragraph 12 and refers to such agreement for a full and accurate statement of the terms thereof. Top Rank denies any allegation or characterization inconsistent with the Exclusive Restated Promotional Rights Agreement, which speaks for itself.

13. Top Rank admits that Top Rank made payments to Middendorf Sports pursuant to the Agreement and Release after Crawford's four title defense fights against Yuriorkis Gamboa on June 28, 2014, Raymundo Beltran on November 29, 2014, Dierry Jean on October 24, 2015 and Henry Lundy on February 27, 2016. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 13.

14. Top Rank admits that Crawford fought Viktor Postol on July 23, 2016 and that both Crawford's WBO title and Postol's WBC title were on the line. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 14. To the extent the allegations contained in paragraph 14 are legal conclusions, no response is required and, if a response is required, Top Rank denies them.

15. Top Rank admits the allegations contained in the first sentence of paragraph 15. Top Rank further admits that Crawford was the winner of the bout with Postol. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 15. To the extent

the allegations contained in paragraph 15 are legal conclusions, no response is required and, if a response is required, Top Rank denies them.

16. Top Rank denies the allegations contained in paragraph 16.

17. Top Rank admits the allegations contained in paragraph 17.

18. Top Rank admits that Crawford was the winner of the bout with Molina. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 18. To the extent the allegations contained in paragraph 18 are legal conclusions, no response is required and, if a response is required, Top Rank denies them.

19. Top Rank denies the allegations contained in paragraph 19.

20. Top Rank admits the allegations contained in paragraph 20.

21. Top Rank admits that Crawford was the winner of the bout with Diaz. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 21.

22. Top Rank denies the allegations contained in paragraph 22.

23. Top Rank admits the allegations contained in paragraph 23.

24. Top Rank admits that Crawford was the winner of the bout with Indongo. Except as otherwise admitted, Top Rank denies the allegations contained in paragraph 24.

25. Top Rank denies the allegations contained in paragraph 25.

26. Top Rank admits the allegations contained in paragraph 26.

27. Top Rank denies the allegations contained in paragraph 27.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

28. The preceding responses are hereby re-alleged and incorporated herein by this reference.

29. Top Rank admits the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 30.

31. Top Rank denies the allegations contained in paragraph 31.

32. Top Rank denies the allegations contained in paragraph 32.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. The preceding responses are hereby re-alleged and incorporated herein by this reference.

34. Top Rank admits the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 35.

36. Top Rank denies the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 37.

38. Top Rank denies the allegations contained in paragraph 38.

## THIRD CAUSE OF ACTION
### (Accounting)

39. The preceding responses are hereby re-alleged and incorporated herein by this reference.

40. Top Rank denies the allegations contained in paragraph 40.

41. The allegations contained in paragraph 41 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 41.

42. Top Rank denies the allegations contained in paragraph 42.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

43. The preceding responses are hereby re-alleged and incorporated herein by this reference.

44. The allegations contained in paragraph 44 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 44.

45. The allegations contained in paragraph 45 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 45.

46. The allegations contained in paragraph 46 are legal conclusions to which no response is required. To the extent any response is required, Top Rank denies the allegations in paragraph 46.

47. In responding to paragraph 47, Top Rank admits that Plaintiff is purportedly seeking the requested declarations, but denies that any such declarations are appropriate.

### FIRST AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred by the doctrines of accord and satisfaction and/or release.

### THIRD AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred because Plaintiff failed to join a necessary and indispensable party.

**FOURTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that the Complaint is barred because Plaintiff lacks standing and/or capacity to assert claims based on certain of the contract(s) at issue herein.

**FIFTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that the Complaint is barred as Plaintiff has not sustained any loss, injury, or damages attributable to any act or omission by Top Rank.

**SIXTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that Plaintiff's loss, if any, was directly and proximately caused by Plaintiff's own wrongful acts and omissions.

**NINTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that Plaintiff's claims for equitable relief are barred because its injury, if any, can be remedied at law.

**TENTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the doctrine of ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the doctrine of consent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that all of its actions were privileged and/or justified to protect its own legal rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred by the doctrine of offset.

## SIXTEENTH AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred in whole or part because there has been no breach of any agreement referenced therein and, as such, this matter is not ripe for adjudication.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Top Rank affirmatively alleges that the Complaint is barred in whole or part by the fact that Plaintiff is in breach of the parties' agreements.

Top Rank hereby give notice that they intend to rely upon any other defense and/or remedy that may become available or appear during the proceedings in this case and hereby reserve the right to amend this Answer to assert any such defense and/or remedy.

. . . . .

. . . . .

. . . . .

. . . . .

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, your answering Defendant prays that said Second Amended Complaint be dismissed with prejudice, at Plaintiff's cost and your answering Defendant recover its costs incurred herein.

DATED this 5th day of September, 2017.

        TOP RANK, INC.

        By **/s/ *J. Colby Williams***
        Donald J. Campbell, Esq. (*pro hac vice*)
        J. Colby Williams, Esq. (*pro hac vice*)
        Philip R. Erwin, Esq. (*pro hac vice*)
        CAMPBELL & WILLIAMS
        700 South Seventh Street
        Las Vegas, Nevada 89101
        Telephone: (702) 382-5222
        Facsimile: (702) 382-0540
        djc@cwlawlv.com
        jcw@cwlawlv.com
        pre@cwlawlv.com

        and

        Joseph S. Daly, Esq. (#10896)
        SODORO, DALY, SHOMAKER & SELDE, P.C
        7000 Spring Street
        Omaha, Nebraska 68106
        Telephone: (402) 397-6200
        Facsimile: (402) 397-6290
        jdaly@sodorolaw.com

        and

        Patrick J. Borchers, Esq. (#21664)
        2500 California Plaza
        Omaha, Nebraska 68178
        Telephone: (402) 280-3009
        Facsimile: (402) 280-2787
        PatrickBorchers@creighton.edu

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was served on the 5th day of September, 2017 via the Court's CM/ECF electronic filing system addressed to the following parties on the e-service list:

D.C. "Woody" Bradford III, Esq.
Keith A. Harvat, Esq.
HOUGHTON BRADFORD WHITTED PC, LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
Telephone: (402) 344-4000
Facsimile: (402) 930-1099
wbradford@houghtonbradford.com
kharvat@houghtonbradford.com

Michael Miller, Esq.
LAW OFFICES OF MICHAEL MILLER, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Telephone: (210) 225-6666
Facsimile: (210) 225-2300
mmiller@michaelmillerlaw.com

Todd C. Kinney, Esq.
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Todd.Kinney@KutakRock.com

                                           /s/ *Lucinda Martinez*
                                           An Employee of Campbell & Williams