IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TOP RANK, INC. and TERENCE CRAWFORD,<br><br>　　　　　Defendants. | Case No. 8:17-cv-00011<br><br>**DEFENDANT TERENCE CRAWFORD'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

　　　COMES NOW Defendant Terence Crawford ("Crawford") and, in response to Plaintiff's Second Amended Complaint, hereby answers and alleges as follows:

　　1. Crawford is without sufficient knowledge or information or to admit or deny the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint and therefore denies the same.

　　2. Crawford is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint and therefore denies the same.

　　3. Crawford admits the allegations of Paragraph 3 of Plaintiff's Second Amended Complaint.

　　4. Crawford admits that it entered into a Promotional Rights Agreement with TKO Boxing Promotions, LLC and that such agreement speaks for itself. Crawford denies any remaining allegations of Paragraph 4 of Plaintiff's Second Amended Complaint.

　　5. Crawford is without sufficient knowledge or information or to admit or deny the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint and therefore denies the same.

6. Crawford admits he entered into a Promotional Rights Agreement with Top Rank on or about June 16, 2011. Crawford states such agreement speaks for itself. Crawford denies any remaining allegations of Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Crawford is without sufficient knowledge or information or to admit or deny the allegations in Paragraph 7 of Plaintiff's Second Amended Complaint and therefore denies the same. Crawford further states the Agreement and Release referenced in Paragraph 7 speaks for itself.

8. Crawford states the agreement referenced in Paragraph 8 of Plaintiff's Second Amended Complaint speaks for itself. Crawford denies any remaining allegations in Paragraph 8 of Plaintiff's Second Amended Complaint.

9. Crawford is without sufficient knowledge or information or to admit or deny the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint and therefore denies the same. Crawford further states the Notice of Agreed Assignment of Rights referenced in Paragraph 9 speaks for itself.

10. Crawford states the "Top Rank Exclusive Restated Promotional Rights Agreement" referenced in Paragraph 10 of Plaintiff's Second Amended Complaint speaks for itself. Crawford denies any further allegations in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Crawford states the "Top Rank Exclusive Restated Promotional Rights Agreement" referenced in Paragraph 11 of Plaintiff's Second Amended Complaint speaks for itself. Crawford denies any remaining allegations in Paragraph 11 of Plaintiff's Second Amended Complaint.

12. Crawford states the "Top Rank Exclusive Restated Promotional Rights Agreement" referenced in Paragraph 12 of Plaintiff's Second Amended Complaint speaks for itself. Crawford denies any remaining allegations in Paragraph 12 of Plaintiff's Second Amended Complaint.

13. Crawford is without sufficient knowledge or information or to admit or deny the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint and therefore denies the same.

14. Crawford admits the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Crawford admits he won the Postol bout. Crawford cannot admit or deny the remaining allegations in Paragraph 15 because of confidentiality concerns and therefore denies the same.

16. Crawford is without sufficient knowledge or information or to admit or deny the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint and therefore denies the same.

17. Crawford admits the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Crawford admits he won the Molina bout. Crawford cannot admit or deny the remaining allegations in Paragraph 18 because of confidentiality concerns and therefore denies the same.

19. Crawford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint and therefore denies the same.

20. Crawford admits the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Crawford admits he won the Diaz bout. Crawford cannot admit or deny the remaining allegations in Paragraph 21 because of confidentiality concerns and therefore denies the same.

22. Crawford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint and therefore denies the same.

23. Crawford admits the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. Crawford admits he won the Indongo bout. Crawford cannot admit or deny the remaining allegations in Paragraph 24 of Plaintiff's Second Amended Complaint because of confidentiality concerns and therefore denies the same.

25. Crawford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint and therefore denies the same.

26. Crawford cannot admit or deny the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint because of confidentiality concerns and therefore denies the same.

27. Crawford is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint and therefore denies the same.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

28. Crawford hereby incorporates by reference his responses from all preceding Paragraphs as if fully set forth herein.

29. Paragraph 29 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 29 contains legal conclusions to which a response is not required. To the extent a response is required, Crawford denies the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Paragraph 30 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 30 contains legal conclusions to which a response is not required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

31. Paragraph 31 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 31 contains a legal conclusion to which no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

32. Paragraph 32 contains allegations not addressed to Crawford and therefore no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

**SECOND CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**

33. Crawford hereby incorporates by reference his responses from all preceding Paragraphs as if fully set forth herein.

34. Paragraph 34 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 34 contains a legal conclusion to which no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

35. Paragraph 35 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 35 contains a legal conclusion to which no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

36. Paragraph 36 contains allegations not addressed to Crawford and therefore no response is required.  Further, Paragraph 36 contains a legal conclusion to which no response is required.  To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

37. Paragraph 37 contains allegations not addressed to Crawford and therefore no response is required.  To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

38. Paragraph 38 contains allegations not addressed to Crawford and therefore no response is required.  To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

### THIRD CAUSE OF ACTION
### ACCOUNTING

39. Crawford hereby incorporates by reference his responses from all preceding Paragraphs as if fully set forth herein.

40. Paragraph 40 contains allegations not addressed to Crawford and therefore no response is required.  To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

41. Paragraph 41 contains allegations not addressed to Crawford and therefore no response is required.  To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

42. Paragraph 42 contains allegations not addressed to Crawford and therefore no response is required.  To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

## FOURTH CAUSE OF ACTION
## DECLARATORY JUDGMENT

43. Crawford hereby incorporates by reference his responses from all preceding Paragraphs as if fully set forth herein.

44. Paragraph 44 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 44 contains a legal conclusion to which no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

45. Paragraph 45 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 45 contains a legal conclusion to which no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

46. Paragraph 46 contains allegations not addressed to Crawford and therefore no response is required. Further, Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

47. Paragraph 47 contains allegations not addressed to Crawford and therefore no response is required. To the extent a response is required, Crawford does not have information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

48. Regarding the relief requested by Plaintiff in its Prayer For Relief, Crawford does not have knowledge or information sufficient to respond to such requests and therefore denies the same.

49. Crawford denies all allegations in Plaintiff's Second Amended Complaint unless specifically admitted herein and except those which constitute an admission against Plaintiff's interests.

## AFFIRMATIVE DEFENSES

For his Affirmative Defenses against Plaintiff's Second Amended Complaint, Crawford hereby states and alleges as follows:

1. Plaintiff's Second Amended Complaint is barred, in whole or in part, because it fails to state a cause of action against Crawford upon which relief can be granted.

2. Plaintiff's Second Amended Complaint is barred, in whole or in part, because Plaintiff lacks standing as it relates to Crawford.

3. Plaintiff's Second Amended Complaint is barred, in whole or in part, because Plaintiff has not sustained any damages as the result of actions or omissions by Crawford.

4. Plaintiff's Second Amended Complaint is barred, in whole or in part, because Crawford was not a party to any agreement which forms the basis of Plaintiff's claims in this suit.

WHEREFORE, Crawford respectfully asks this Court to dismiss Plaintiff's Second Amended Complaint With Prejudice and Plaintiff to pay all costs, expenses and reasonable attorneys' fees and for any further relief the Court deems fair and just.

Dated this 5th day of September, 2017.

TERENCE CRAWFORD, Defendant

*s/Todd C. Kinney*
Todd C. Kinney, NE #21960
KUTAK ROCK LLP
The Omaha Building
1650 Farnam St.
Omaha, NE 68102
Phone: (402) 346-6000
Fax: (402) 346-1148
todd.kinney@kutakrock.com

*ATTORNEY FOR DEFENDANT TERENCE CRAWFORD*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document entitled **DEFENDANT CRAWFORD'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system on this 5th day of September, 2017.

*s/Todd C. Kinney*
Todd C. Kinney

4816-1671-0478.1