IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship;<br><br>Plaintiff,<br><br>vs.<br><br>TOP RANK, INC., a Nevada corporation; and TERENCE CRAWFORD, an individual;<br><br>Defendants. | 8:17CV11<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion to Compel ([Filing No. 39](#)). The motion will be denied.

## BACKGROUND

In 2010, TKO Boxing Promotions, LLC ("TKO") and Defendant Terence Crawford ("Crawford") entered into a Promotional Rights Agreement ("TKO Promotional Rights Agreement") under which TKO was to promote and stage boxing bouts involving Crawford. TKO and Top Rank entered into an Agreement and Release concerning Crawford's promotional rights on or about June 30, 2011. The Agreement and Release provides, in part, that "[f]or each Title Defense . . . of [Crawford's] promoted by Top Rank pursuant to the Promotional Rights Agreement, TKO shall be paid a fee equal to eight percent (8%) of the purse payable to [Crawford] for such Title Defense." ([Filing No. 52](#).)

In June, 2011, Top Rank and Crawford entered into a Promotional Rights Agreement ("Top Rank Promotional Rights Agreement"). In July, 2011, TKO executed a Notice of Agreed Assignment of Rights, which assigned its rights under the Agreement and Release to Plaintiff. In September, 2014, Top Rank and Crawford entered into an Exclusive Restated Promotional Rights Agreement ("Top Rank Exclusive Restated Promotional Rights Agreement") under which Top Rank would continue to provide promotional services to Crawford.

On January 10, 2017, Plaintiff filed suit against Top Rank, alleging that Top Rank breached the Agreement and Release by failing to pay the fee for certain fights involving Crawford. (Filing No. 1.) Plaintiff claims that the Agreement and Release does not contain a termination date and, therefore, Top Rank remains obligated to pay Plaintiff. Among other things, Plaintiff requests a declaratory judgment "regarding the scope and duration scope of the Agreement and Release." (Filing Nos. 1, 52.)

In response to Plaintiff's allegations, Top Rank contends that it was only obligated to pay Plaintiff a fee for Crawford's title defenses that Top Rank promoted pursuant to the Top Rank Promotional Rights Agreement. (Filing No. 42.) Top Rank asserts that the Top Rank Promotional Rights Agreement terminated on September 16, 2014 or, at the very latest, July 30, 2016. (*Id*.)

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 36, a party may serve on any other party a written request to admit the truth of any matters within the scope of Federal Rule of Civil Procedure 26(b)(1) relating to facts, the application of law to fact, or opinions about either. Fed. R. Civ. P. 36. The purpose of Rule 36 is "to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial." *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 623 (N.D. W. Va. 2006) (quotation and citation omitted).

Still, "[r]equests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case . . . Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1616629, \*2 (D. Neb. June 4, 2009) (quoting *Williamson v. Correctional Med. Serv.*, No. 06-379, 2009 WL 1364350, \*2 (D. Del. May 14, 2009)). Moreover, "[e]ven though a request may be phrased to appear factual, if it encroaches on legal turf, or reaches the ultimate decision of the court, the request will be seen as seeking a legal conclusion and cannot be compelled." *Phillip N. Adams & Assoc., LLC v. Dell, Inc.*, No. L05-CV-64, 2007 WL 128962, \*2 (D. Utah Jan. 11, 2007).

Plaintiff served Requests for Admission and Interrogatories upon Top Rank on April 3, 2017. (Filing No. 41-1.) Top Rank objected to Request for Admission Nos. 5 and 6, as well as Interrogatory Nos. 1 and 2, on the ground that they call "for a conclusion on one of the ultimate issues in the case." (*Id*.) Request for Admission No. 5 sought an admission that "Exhibit A [the Agreement and Release] does not have a date terminating the Agreement." (*Id*.) Request for Admission No. 6 requested an admission that "according to Exhibit A [the Agreement and Release], Top Rank is responsible to pay Plaintiff 8% of Terence Crawford's purse after each of Terence Crawford's title defenses." (*Id*.) Interrogatory Nos. 1 and 2 requested explanations in the event that Request for Admission Nos. 5 and 6 were denied. Subject to its objection, Top Rank responded to Interrogatory No. 1 as follows:

> Subject to and without waiving the foregoing objections, pursuant to paragraph 5 of the Agreement and Release, Top Rank was obligated to pay eight percent (%) of Crawford's purse for each Title Defense promoted pursuant to the Promotional Rights Agreement. The Promotional Rights Agreement terminated on September 16, 2014 when Top Rank and Crawford entered into the Exclusive Restated Promotional Rights Agreement, which expressly superseded and replaced the Promotional Rights Agreement referenced in paragraph 5 of the Agreement and Release. Had the Promotional Rights Agreement not terminated on September 16, 2014, the Promotional Rights Agreement (and, in turn, Top Rank's obligation to pay eight percent (8%) of Crawford's purse for each Title Defense under the Agreement and Release) would have expired by its own terms on July 30, 2016.

(*Id*.) Again, subject to its objection, in response to Interrogatory No. 2, Top Rank stated that it "was only obligated to pay eight percent (8%) of Crawford's purse for each Title Defense promoted pursuant to the Promotional Rights Agreement." (*Id*.)

Plaintiff claims that the length of time in which Top Rank was obligated to pay Plaintiff under the Agreement and Release is a factual question and, thus, the Requests for Admission and Interrogatories are proper. The Court disagrees. The primary question presented in this case involves the scope and duration of the Agreement and Release. Request Nos. 5 and 6 seek admissions that (1) the Agreement and Release does not have a termination date and (2) Top Rank is obligated to pay Plaintiff a percentage of Crawford's purse after each title defense. These Requests are clearly improper as they seek an analysis and interpretation of the contracts. Simply put, these Requests are objectionable because they seek an admission of the legal issues

in dispute in this case. Therefore, Plaintiff's Requests for Admission are improper and Defendants' responses to the discovery requests are satisfactory.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel ([Filing No. 39](#)) is denied.

Dated this 26th day of October, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge