IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship; | |
| Plaintiff, | 8:17CV11 |
| vs. | ORDER |
| TOP RANK, INC., a Nevada corporation; and TERENCE CRAWFORD, an individual; | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File a Third-Amended Complaint (Filing No. 70) and Defendant's Motion for Protective Order. (Filing No. 72.) For the reasons set forth below, the motions will each be denied.

**BACKGROUND**

In 2010, TKO Boxing Promotions, LLC ("TKO") and Defendant Terence Crawford ("Crawford") entered into an agreement under which TKO was to promote and stage boxing bouts involving Crawford. On June 30, 2011, TKO and Top Rank entered into an Agreement and Release concerning Crawford's promotional rights. The Agreement and Release provided that "[f]or each Title Defense . . . of [Crawford's] promoted by Top Rank pursuant to the Promotional Rights Agreement, TKO shall be paid a fee equal to eight percent (8%) of the purse payable to [Crawford] for such Title Defense."[1] (Filing No. 52.) Top Rank and Crawford entered into a Promotional Rights Agreement in June, 2011. In September, 2014, Top Rank and Crawford entered into another promotional rights agreement (the "Exclusive Restated Promotional Rights Agreement"), under which Top Rank would continue to provide promotional services for Crawford.

---

[1] TKO assigned its rights under the Agreement and Release to Plaintiff in July, 2011.

On January 10, 2017, Plaintiff filed this suit alleging that Top Rank breached the Agreement and Release. ([Filing No. 1](#).) To date, Plaintiff has filed two amended complaints without opposition. The Second Amended Complaint, which was filed on September 1, 2017, asserts causes of action for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) accounting; and (4) declaratory judgment. ([Filing No. 52](#).) The deadline for filing amended pleadings was May 31, 2017. ([Filing No. 26](#).)

Top Rank filed a Motion for Summary Judgment on December 29, 2017, seeking a judicial determination regarding the duration of the Agreement and Release. The Motion for Summary Judgment is currently pending before the Court.

## DISCUSSION

**1. Motion to File Third-Amended Complaint**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." [Fed. R. Civ. P. 15](#). Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." [*Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)](#) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. [*Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)](#).

However, "where a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." [*BDC Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:08CV25, 2007 WL2344814, \*3 (D. Neb. Aug. 14, 2007)](#) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." [*Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)](#). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule

16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.RD. 165, 166 (W.D. Mo. 1989).

Plaintiff seeks to add a fraudulent misrepresentation claim against Top Rank.[2] The proposed amendment alleges that Top Rank induced Plaintiff to "bring Crawford to Top Rank and allow Top Rank to sign Crawford to a Promotional Rights Agreement which would allow Top Rank to promote Crawford's boxing career." (Filing No. 77 at CM/ECF p. 21.) Plaintiff alleges that "Top Rank promised [Plaintiff] that as long as Crawford was promoted by Top Rank, Top Rank would pay [Plaintiff] an amount totaling 8% of Crawford's purse every time Crawford fought a world title defense fight." (*Id*.) Plaintiff contends that these representations were false and made fraudulently.

Plaintiff argues that it learned of facts supporting the proposed fraudulent misrepresentation claim when it deposed Top Rank's President, Todd duBoef, on September 14, 2017. Plaintiff seemingly maintains that Mr. duBoef's testimony demonstrates that Top Rank entered into the Exclusive Restated Promotional Rights Agreement with Crawford in 2014 because Plaintiff refused to restructure the 8% fee under the 2011 Agreement and Release. Plaintiff apparently contends that this information supports the conclusion that Top Rank fraudulently mispresented facts in order to convince TKO (whose rights were later assigned to Plaintiff) to allow Top Rank to sign a promotional rights agreement with Crawford in 2011.

The Court concludes that Mr. duBoef's testimony did not elicit newly discovered facts which justify allowing Plaintiff to file an amended pleading alleging a fraudulent misrepresentation claim at this time. Mr. duBoef's deposition testimony only provides information as to why Top Rank may have decided to execute a revised promotional rights agreement with Crawford. This testimony does not tend to show that Top Rank made fraudulent misrepresentations in 2011 when Plaintiff/TKO allowed Top Rank to enter into the initial promotional rights agreement with Crawford. Mr. duBoef's testimony relates to events that

---

[2] Plaintiff originally sought to add a tortious interference claim, in addition to the fraudulent misrepresentation claim. However, Plaintiff has now withdrawn its request to include a tortious interference claim. Plaintiff submitted a revised, proposed third-amended complaint, which removed the tortious interference claim, with its reply brief. (Filing No. 77.)

occurred long after the execution of the Agreement and Release.  Therefore, Plaintiff has not identified any newly discovered facts that relate to the execution of the Agreement and Release.  Because Plaintiff has failed to demonstrate good cause warranting amendment at this time, the Motion for Leave to File a Third-Amended Complaint will be denied.

**2.      Motion for Protective Order Concerning the Deposition of Harrison Whitman**

Plaintiff has agreed to withdraw its request to take the deposition of Harrison Whitman.  However, Plaintiff has reserved the right to take Harrison Whitman's deposition at a later date, in the event a 30(b)(6) deposition of a Top Rank representative does not yield necessary information.  In light of this, Defendant's Motion for Protective Order will be denied without prejudice to reassertion in the event Plaintiff again seeks to depose Harrison Whitman.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a Third-Amended Complaint ([Filing No. 70](#)) is denied.  Defendant's Motion for Protective Order  ([Filing No. 72](#)) is denied without prejudice to reassertion in the event Plaintiff seeks to depose Harrison Whitman.

Dated March 20, 2018.

BY THE COURT:

s/Susan M. Bazis
United States Magistrate Judge