IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MITTENDORF SPORTS, a Maryland Sole Proprietorship,<br><br>    Plaintiff,<br><br>vs.<br><br>TOP RANK, INC., a Nevada corporation, and TERENCE CRAWFORD, an individual,<br><br>    Defendants. | 8:17-CV-11<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Top Rank's motion in limine for an order excluding the expert testimony of Leon R. Margules. Filing 99. Top Rank's motion will be denied.

### BACKGROUND

As discussed in more depth in the accompanying Memorandum and Order on Top Rank's motion for summary judgment, this litigation concerns an "Agreement and Release" entered into by Top Rank and TKO Boxing Promotions, TKO's rights under which have been assigned to Mittendorf. Filing 117-2. Under the Agreement and Release, Top Rank was required to pay Mittendorf a fee equal to eight percent of boxer Terence "Bud" Crawford's purse when Top Rank promoted one of Crawford's title defense bouts. Filing 117-2 at 2.

One of the issues the parties disagree about is whether Crawford's "unification bouts" against Viktor Postol and Julius Indongo were "title defenses" within the meaning of the Agreement and Release. *See* filing 52 at 4-6; filing 53 at 3-4; filing 100 at 1-2. The parties also disagree about whether

the gate participation bonuses paid to Crawford for bouts in Omaha under his 2014 promotional rights agreement should be considered part of his "purse" for purposes of calculating the fee payable to Mittendorf under the Agreement and Release. *See* filing 116 at 5-6.

Margules is a lawyer and an experienced boxing promoter. Filing 102 at 3-4. Based on that experience, Margules opines that the recognized definition of a title defense bout, in the business of boxing, is "a bout held between one champion and another fighter (challenger), for a sanctioning body's belt and recognition as its champion in a particular weight class." Filing 102 at 5. According to Margules, the Postol and Indongo bouts were "title defense" bouts because Crawford was defending his existing title in each bout and Top Rank paid the sanctioning fees for the bouts. Filing 102 at 5-6. Margules also opines that compensation based on gate receipts is part of Crawford's "purse" under the promotional rights agreement. Filing 102 at 6.

## DISCUSSION

Top Rank argues that Margules' opinions are inadmissible pursuant to Fed. R. Evid. 702.[1] An expert witness may give his or her opinion if it will

---

[1] The parties each rely on federal law, presumably because in a diversity case, questions about the admissibility of evidence are governed by the Federal Rules of Evidence. *Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 980 (8th Cir. 2014). That includes questions about relevance. *See Clark v. Martinez,* 295 F.3d 809, 814 n.4 (8th Cir. 2002). But the questions presented here arise at the intersection of the rules or evidence and substantive state contract law. In other words, relevance depends on how the meaning of a contract is determined, meaning that state law might be implicated—and it has been held that state law governs whether a particular kind of evidence is admissible to prove the meaning of a contract. *In re Sunset Bay Assocs.*, 944 F.2d 1503, 1515 (9th Cir. 1991); *see Betz Labs., Inc. v. Hines*, 647 F.2d 402, 405 (3d Cir. 1981); *cf. Church Mut. Ins. Co. v. Clay Ctr. Christian Church*, 746 F.3d 375, 381 (8th Cir. 2014) (applying Nebraska law to determine

help the trier of fact understand the evidence or determine a fact in issue. Rule 702. Such testimony is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a). A trial court may, however, exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be. *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357, 1360 (8th Cir. 1990).

Top Rank begins by arguing that Margules' "'expert' testimony amounts to nothing more than his opinion on how this Court should interpret the contracts that are at issue in this dispute." Filing 100 at 2. Top Rank argues that the "central focus" of Margules' report "is his application of those definitions to the facts of this case in order to reach the ultimate conclusions that Terence Crawford's bouts with Viktor Postol and Julius Indongo constituted 'Title Defenses' under the Agreement and Release . . . ." Filing 121 at 2. Top Rank asserts that his opinion testimony is inadmissible because it "invades the province of the Court." Filing 100 at 2.

The Court recognizes that expert testimony on legal matters is not admissible. *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). But courts have frequently recognized the value of expert testimony defining terms of a technical nature and testifying as to whether such terms have acquired a well-recognized meaning in the business or industry. *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1350 (8th Cir. 1989); *accord Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 666 F.3d 1099, 1111 (8th Cir. 2012).

admissibility of expert testimony on interpretation of insurance policy). So for the sake of completeness, the Court notes that Nevada law is substantially consistent with the Eighth Circuit law relied upon here, and that the Court's conclusion would be the same under state law. *See Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 367-68 (Nev. 2013).

Specifically, expert testimony as to the industry meaning of technical words in a contract is admissible. *Arkla Expl. Co. v. Boren*, 411 F.2d 879, 882 (8th Cir. 1969); *see Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F. Supp. 2d 1043, 1056 (D.S.D. 2010); *Ways v. City of Lincoln*, 206 F. Supp. 2d 978, 991 (D. Neb. 2002); *see also Beanland v. Chicago, R. I. & P. Ry. Co.*, 480 F.2d 109, 116 (8th Cir. 1973); *Megarry Bros. v. U.S. for Use of Midwestern Elec. Const., Inc.*, 404 F.2d 479, 486-87 (8th Cir. 1968). "[E]xpert testimony that purports to *explain the legal meaning of a term* is forbidden . . . but testimony *defining a term of art* as it is used within a given field may be allowed." *Ways*, 206 F. Supp. 2d at 991; *accord Elia v. Roberts*, No. 1:16-CV-557, 2017 WL 4844296, at \*5 (E.D. Cal. Oct. 25, 2017); *Sancom,* 683 F. Supp. 2d at 1052.

Those principles are applicable here: to the extent Margules proposes to testify to the meaning of the term "title defense" in the boxing business, that testimony is not objectionable as invading the province of the Court. Nor is Margules invading the province of the Court by specifically opining on the Postol and Indongo bouts. Testimony that a specific item or event fits within the meaning of a term may be admissible under Rule 702 even if it embraces an "ultimate issue." *Ways*, 206 F. Supp. 2d at 991.

For instance, assume that two businesses enter into a contract for the sale of a quantity of "left-handed monkey wrenches," but the buyer refuses delivery, insisting the products aren't what was ordered. It would certainly be appropriate for a qualified expert to opine on what "left-handed monkey wrench" means in the relevant field. *See Megarry Bros.*, 404 F.2d at 486. But it would also be appropriate for the expert to testify that the particular product at issue either did, or didn't, meet that definition. *See id.*; *Ways*, 206 F. Supp. 2d at 991; *see also Nucor Corp,* 891 F.2d at 1350. Margules is proposing to do essentially the same thing here. And the finder of fact is free

to accept such an opinion, in whole or in part—or the tendered opinion may be rejected.

In fact, the best argument for excluding Margules' testimony might be one that Top Rank does not advance: that extrinsic evidence of what "title defense" means in boxing is inadmissible because the term isn't ambiguous. *Compare Orion Fin. Corp. of S. Dakota v. Am. Foods Grp., Inc.*, 281 F.3d 733, 740 (8th Cir. 2002), *with Megarry Bros.*, 404 F.2d at 486-87; *see also Elbow Lake Co-op. Grain Co. v. Commodity Credit Corp.*, 251 F.2d 633, 637 (8th Cir. 1958). There is a strong argument to be made that a unification bout is simply a combination of a title defense and a title challenge, and accordingly is included in a "title defense" within the meaning of the Agreement and Release. It is, in fact, Top Rank that seeks to avoid what might otherwise be seen as a clear contractual obligation by invoking a technical understanding of the term "title defense"—and if Top Rank intends to adduce evidence supporting a technical distinction between "title defense" and "unification bout," then Mittendorf is surely entitled to meet that evidence.[2]

That does not mean that everything in Margules' expert report is necessarily admissible. Contrary to Top Rank's argument, the gravamen of Margules' proposed testimony is the meaning of boxing terms of art. But Margules does apply his opinions, at times, to issues that are properly

---

[2] Top Rank "questions the need for expert testimony on custom and practice in the boxing industry when both parties are boxing promoters and multiple witnesses[,]" including Mittendorf, have already given deposition testimony similar to Margules. Filing 121 at 5. But Top Rank offers no principled basis to distinguish parties from retained experts when considering whether their expert opinion regarding the meaning of contractual language is admissible. Whether the parties may testify to their subjective understanding of any ambiguous provisions of the contract is, of course, a separate question, and one that is not presented by the current motion. *See Galardi*, 301 P.3d at 368-69.

reserved to the Court or the trier of fact. *See* filing 102 at 3. Mittendorf has not, however, argued for admission of the *report*, and Top Rank's motion asks for an order "excluding the expert testimony" of Margules. Filing 99 at 1. Top Rank provides no authority for the implicit proposition that an expert's testimony should be wholly excluded because some of the statements in his expert report are objectionable. The Court will, therefore, reserve ruling on any more specific objections until they are raised at trial or in a more focused pretrial motion in limine. But this motion in limine will be denied.[3]

IT IS ORDERED that Top Rank's motion in limine (filing 99) is denied.

Dated this 9th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[3] The Court also notes Top Rank's argument—raised only in footnotes—that Margules' testimony about whether a gate receipt bonus is part of a fighter's "purse" is also inadmissible. Filing 100 at 5 n.3; filing 121 at 3 n.1. The Court will answer Top Rank's footnotes with a footnote of its own. Top Rank argues that because Mittendorf failed to address this argument in his reply brief, he has conceded it. Filing 121 at 3 n.1. But that is not supported by this Court's rules, *cf*. NECivR 7.1(b)(1)(C), and the Court is not inclined to find waiver based on an argument that was only raised in a footnote in the first place. The Court does have concerns about Margules' opinion on that subject, because it is couched in terms that are less about industry practice and more about contract interpretation. *See* filing 102 at 6. But the Court will not preclude Mittendorf from attempting to appropriately lay foundation for an opinion regarding the term "purse," as used in boxing, and its relationship to additional compensation based on gate receipts.