IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TOP RANK, INC., a Nevada corporation, and TERENCE CRAWFORD, an individual,<br><br>　　　　　Defendants. | 8:17-CV-11<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on Middendorf Sport's motion for partial summary judgment (filing 138). The Court will grant that motion.

　　　　Fed. R. Civ. P. 56(a) allows the Court to grant summary judgment as to some issues but not as to others. Upon doing so, the Court may "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute," and thereby treat such a fact "as established in the case." Rule 56(g). Here, Middendorf asks the Court to declare that the 2011 Agreement and Release obliges Top Rank, Inc. to pay Middendorf eight percent of Terence "Bud" Crawford's purse for any Crawford title defense that Top Rank promotes pursuant to a promotional rights agreement. Filing 138 at 1-2.

　　　　The Court already reached that conclusion when denying Top Rank's motion for summary judgment. Filing 123 at 15. And having reviewed its reasoning, the Court stands by that conclusion. *See* filing 123. Accordingly, the Court will grant Middendorf's motion for partial summary judgment.

IT IS ORDERED:

1. Middendorf's motion for partial summary judgment ([filing 138](#)) is granted.

2. The unambiguous language of the 2011 Agreement and Release obliges Top Rank to pay Middendorf eight percent of Crawford's purse for any Crawford title defense that Top Rank promotes pursuant to a promotional rights agreement.

Dated this 24th day of July, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge