IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>TOP RANK, INC., a Nevada corporation, and TERENCE CRAWFORD, an individual,<br><br>Defendants. | CASE NO. 8:17-cv-00011<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT TOP RANK'S INTERROGATORIES** |

COMES NOW the Plaintiff, MIDDENDORF SPORTS ("Middendorf"), and for its Objections and Responses to Defendant Top Rank's Interrogatories states as follows:

## GENERAL OBJECTIONS

1. Middendorf objects to the Interrogatories, including the Definitions contained therein, to the extent they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

2. Middendorf objects to the Interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3. Middendorf objects to the Interrogatories to the extent they purport to require disclosure of confidential business or commercially sensitive information.

4. Middendorf objects to the Interrogatories to the extent they purport to require it to provide information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nothing contained herein (including the production of any

information or documents) shall be deemed to be an admission, concession, or waiver by Middendorf to the relevance, materiality or admissibility of any information or document.

5. Middendorf objects to the Interrogatories to the extent they purport to require it to provide information beyond what may be obtained through a reasonably diligent search of its records.

6. Middendorf objects to the Interrogatories for failing to define an applicable time period, which renders them overly broad, oppressive, unduly burdensome and unlikely to lead to the discovery of admissible evidence.

7. Middendorf objects to the Interrogatories to the extent they seek information already in the possession, custody or control of Top Rank or already in the public domain and, therefore, equally accessible to Top Rank.

8. Middendorf objects to the Interrogatories to the best of its knowledge and on the basis of the information provided to its counsel as of this date. Middendorf reserves the right to alter, amend, supplement, augment or otherwise change its responses as appropriate. No response or lack of response herein is intended to, or shall be understood to, limit the legal theories, factual contentions, or evidence to be employed, relied upon, or presented during any proceeding in this case.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any individuals or business entities that have received or have a right to claim an entitlement to any portion of the money paid by Top Rank to Middendorf Sports pursuant to the Agreement and Release dated June 30, 2011.

**RESPONSE:**

**Chris Middendorf dba Middendorf Sports.**

**INTERROGATORY NO. 2:**

Describe in detail how Middendorf Sports received a copy of the Exclusive Restated Promotional Rights Agreement dated September 14, 2014 between Top Rank and Terence Crawford and the reason(s) why Middendorf Sports received a copy of the document. Your response should include the identity of the individual and/or entity that provided you with the document, the manner (*e.g.* hand delivery, e-mail, etc.) in which it was provided, the date and time of the transmittal, and a description of any statements concerning the confidential nature of the Exclusive Restated Promotional Rights Agreement dated September 14, 2014.

**RESPONSE:**

**Cameron Dunkin sent the Exclusive Restated Promotional Rights Agreement to Plaintiff because Plaintiff is the co-promoter for Terence Crawford. Plaintiff does not recall the date and time he received the Agreement but he believes it was shortly after it was signed by all parties.**

**INTERROGATORY NO. 3:**

Identify and describe in detail any oral communications or admissions by Top Rank

that support the allegations and contentions in Your Complaint.

**RESPONSE:**

Plaintiff has had many conversations with various employees of Top Rank regarding the payment to Plaintiff of eight percent (8%) by Top Rank on every one of Terence Crawford's world title defense bouts. Top Rank paid Plaintiff $40,000.00 as co-promoter of the Terance Crawford v. Gamboa fight which was held on June 28, 2014. Top Rank paid Plaintiff $64,000.00 as co-promoter of the Terence Crawford v. Beltran fight which was held on November 29, 2014. Top Rank paid Plaintiff $96,000.00 as co-promoter of the Terence Crawford v. Dierry fight which was held on October 24, 2015. Top Rank paid Plaintiff $96,800.00 as co-promoter of the Terence Crawford v. Lundy fight which was held on February 27, 2016. There are numerous e-mails being produced by Plaintiff where Top Rank acknowledges their duty to pay Middendorf. Included in the emails is an admission made by Top Rank in-house counsel Harrison Whitman regarding the Crawford v. Postol fight where Whitman states "...there is no question that Crawford's WBO title was on the line." Plaintiff is also producing an email from Top Rank's President Todd DeBoef written on Tuesday, December 2, 2014 where DeBoef states "I understand we received your invoice and will make payment in compliance with the contract."

**INTERROGATORY NO. 4:**

Identify of any individuals and/or entities which hold an ownership interest, equity interest or financial interest in Middendorf Sports.

**RESPONSE:**

Middendorf Sports is a sole proprietorship owned 100% by Chris Middendorf.

**INTERROGATORY NO. 5:**

Identify and describe in detail Chris Middendorf's ownership interest, employment and/or affiliation with TKO Boxing Promotions, LLC.

**RESPONSE**:

**Chris Middendorf was the CEO of TKO Boxing Promotions, LLC and was either 35% or 40% owner of the company when TKO shut down.**

**INTERROGATORY NO. 6**:

Identify of any individuals and/or entities that held an ownership interest, equity interest or financial interest in TKO Boxing Promotions, LLC.

**RESPONSE**:

**Chester Koerner, Chris Middendorf, Patrick Primavera and Tuan Tran.**

**INTERROGATORY NO. 7**:

Identify and describe in detail any non-privileged oral communications between Middendorf Sports and any third party concerning this Litigation.

**RESPONSE**:

**None.**

**INTERROGATORY NO. 8**:

Identify and describe in detail any facts that support Your contention in paragraph 16 of the Complaint that Top Rank's refusal "to pay Middendorf Sports the Title Defense Fee set forth in the Agreement and Release dated June 30, 2011, related to Crawford's July 23, 2016 title defense fight between Crawford and Viktor Postal [sic]" was "[w]ithout legal justification."

**RESPONSE:**

**The Crawford vs. Viktor Postol fight on July 23, 2016 was a unification bout which means that both fighters (Crawford and Postol) held world title belts. The winner of the**

bout would take both belts. Crawford was defending his WBO world title belt and Top Rank paid sanctioning fees to the WBO for Crawford's title defense.

**INTERROGATORY NO. 9:**

Identify and describe in detail any facts that support Your contention that Crawford's fight against Viktor Postol on July 23, 2016 was a "Title Defense" as provided for in the Promotional Rights Agreement for which Middendorf Sports would be entitled to receive eight percent (8%) of Crawford's purse pursuant to Section 5 of the Agreement and Release dated June 30, 2011.

**RESPONSE:**

**Top Rank paid Plaintiff on four of Crawford's prior world title defense fights. Nothing changed since these payments by Top Rank to Plaintiff on the other fights prior to the Postol fight. After the Postol fight, the only excuse Top Rank made for not paying Plaintiff was "it was a unification bout and not a world title defense bout."**

**INTERROGATORY NO. 10:**

Identify and describe in detail any facts that support Your contention in paragraph 19 of the Complaint that Top Rank's refusal "to pay Middendorf Sports the Title Defense Fee set forth in the Agreement and Release dated June 30, 2011, related to Crawford's December 10, 2016 title defense fight between Crawford and John Molina" was "[w]ithout legal justification."

**RESPONSE:**

**Crawford was defending both his WBO and WBC world title belts in his fight against John Molina on December 10, 2016. Top Rank paid Plaintiff on four of Crawford's prior world title defense bouts including the Gamboa, Beltran, Dierry & Lundy fights.**

**INTERROGATORY NO. 11:**

Identify and describe in detail any facts that support Your contention that Middendorf Sports was entitled to receive eight percent (8%) of Crawford's purse for his fight against John Molina on December 10, 2016 pursuant to Section 5 of the Agreement and Release dated June 30, 2011.

**RESPONSE:**

**Top Rank paid Plaintiff on Crawford's prior world title defense fights. Nothing changed since the payments by Top Rank to Plaintiff on the other fights prior to the Molina fight.**

**INTERROGATORY NO. 12:**

Identify the term, period of time, or duration in which You believe Middendorf Sports is entitled to receive eight percent (8%) of Crawford's purse for each Title Defense promoted by Top Rank pursuant to the Promotional Rights Agreement pursuant to Section 5 of the Agreement and Release dated June 30, 2011. Your response should include a detailed description of the supporting basis for Your position.

**RESPONSE:**

**Middendorf Sports is entitled to receive eight percent (8%) of Terence Crawford's purse for each world title defense bout promoted by Top Rank as long as Top Rank is promoting Terence Crawford. Top Rank's in-house attorney, Dan Pancheri, drafted the Agreement and Release dated June 30, 2011 and this Agreement contains no expiration date.**

**INTERROGATORY NO. 13:**

Identify and describe in detail any oral communications between Middendorf Sports and

any third party related to the Agreement and Release dated June 30, 2011 concerning Terence Crawford or Middendorf Sports' rights thereunder.

**RESPONSE**:   None.

**INTERROGATORY NO. 14:**

Identify of any individuals and/or entities which hold an ownership interest, equity interest or financial interest in Victory Boxing Promotions.

**RESPONSE**:

**Victory Boxing Promotions is a sole proprietorship owned 100% by Chris Middendorf.**

Dated this ____ day of June, 2017.

MIDDENDORF SPORTS, Plaintiff,

By: _____
D. C. "Woody" Bradford, III, #10402
Keith A. Harvat, #21008
HOUGHTON BRADFORD WHITTED PC, LLO
6457 Frances Street, Suite 100
Omaha, NE 68106
Telephone:   (402) 344-4000
Facsimile:   (402) 930-1099
wbradford@houghtonbradford.com
kharvat@houghtonbradford.com

and

Michael Miller (*pro hac vice*)
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio, TX 78216
Telephone:   (210) 225-6666
Facsimile:   (201) 225-2300
mmiller@michaelmillerlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this \_13th\_ day of June, 2017, a true and correct copy of the above and foregoing document was served via email on the following:

Todd C. Kinney
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Todd.Kinney@kutakrock.com

Joseph S. Daly
Sodoro, Daly, Shomaker & Selde, PC, LLO
7000 Spring Street
Omaha, NE 68106
jdaly@sodorolaw.com

Patrick J. Borchers, J.D.
Creighton University
2500 California Plaza
Omaha, NE 68178
PATRICKBORCHERS@creighton.edu

Jon Colby Williams
Campbell & Williams
700 South Seventh Street
Las Vegas, NV 89101
jcw@cwlawlv.com

Philip Robert Erwin
Campbell & Williams
700 South Seventh Street
Las Vegas, NV 89101
pre@cwlawlv.com

Donald Judge Campbell
Campbell & Williams
700 South Seventh Street
Las Vegas, NV 89101
jdc@cwlawlv.com

_____
Keith A. Harvat, #21008

410857

## VERIFICATION

STATE OF _Maryland_ §
§
COUNTY OF _Montgomery_ §

CHRIS MIDDENDORF, being duly sworn, deposes and says:

That he is the sole owner of MIDDENDORF SPORTS in the above entitled action; that he has read the above and foregoing PLAINTIFF'S RESPONSES TO DEFENDANT TOP RANK'S INTERROGATORIES, knows the contents thereof, and that the same is true of his own knowledge, except for those matters therein stated on information and belief, and as to those matters he believes to be true.

_____
CHRIS MIDDENDORF

STATE OF _Maryland_ §
§
COUNTY OF _Montgomery_ §

SUBSCRIBED AND SWORN to before me this _10th_ day of _June_, 2017 by _Wenda J Sanchez_

_____   6/10/17
NOTARY PUBLIC

WENDA J SANCHEZ
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
MY COMMISSION EXPIRES AUGUST 14, 2019