IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIDDENDORF SPORTS, a Maryland Sole Proprietorship, | ) ) ) | CASE NO. 8:17-cv-00011 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **DEFENDANT TOP RANK, INC'S RESPONSES TO PLAINTIFF'S** |
| TOP RANK, INC., a Nevada corporation, and TERENCE CRAWFORD, an individual, | ) ) ) ) | **REQUESTS FOR ADMISSION, INTERROGATORIES, AND PRODUCTION OF DOCUMENTS** |
| Defendants. | ) | |

COMES NOW the Defendant, Top Rank, Inc. ("Top Rank"), and for its Objections and Responses to Plaintiff's Requests for Admission, Interrogatories and Requests for Production of Documents (the "Requests") states as follows:

**<u>GENERAL OBJECTIONS</u>**

1.    Top Rank objects to the Requests, including the Definitions contained therein, to the extent they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

2.    Top Rank objects to the Requests to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

3.    Top Rank objects to the Requests to the extent they purport to require disclosure of confidential business or commercially sensitive information.

4.    Top Rank objects to the Requests to the extent they purport to require it to provide information which is neither relevant nor reasonably calculated to lead to the discovery of

1

admissible evidence. Nothing contained herein (including the production of any information or documents) shall be deemed to be an admission, concession, or waiver by Top Rank to the relevance, materiality or admissibility of any information or document.

5.    Top Rank objects to the Requests to the extent they purport to require it to provide information beyond what may be obtained through a reasonably diligent search of its records.

6.    Top Rank objects to the Requests for failing to define an applicable time period, which renders them overly broad, oppressive, unduly burdensome and unlikely to lead to the discovery of admissible evidence.

7.    Top Rank objects to the Requests to the extent they seek information already in the possession, custody or control of Middendorf Sports or already in the public domain and, therefore, equally accessible to Middendorf Sports.

8.    Nothing contained in any response shall be deemed to be a concession or waiver by Top Rank to the validity of any claim or defense asserted by Middendorf Sports.

9.    Top Rank objects to the Requests to the best of its knowledge and on the basis of the information provided to its counsel as of this date.  Top Rank reserves the right to alter, amend, supplement, augment or otherwise change its responses as appropriate. No response or lack of response herein is intended to, or shall be understood to, limit the legal theories, factual contentions, or evidence to be employed, relied upon, or presented during any proceeding in this case.

**REQUEST FOR ADMISSION NO. 1:**  Admit that Exhibit A is a true and correct copy of an Agreement and Release dated June 30, 2011 signed by Chris Middendorf and Bruce Trampler of Top Rank.

**RESPONSE:**  Admit.

2

**REQUEST FOR ADMISSION NO. 2:**  Admit that paragraph 5 of Exhibit A states: "Fee.  For each Title Defense (for either the WBC, WBO, WBA, or IBF, and as defined in the Promotional Rights Agreement) of Fighter's promoted by Top Rank pursuant to the Promotional Rights Agreement, TKO shall be paid a fee equal eight percent (8%) of the purse payable to Fighter for such Title Defense, which amount shall be paid to TKO within five (5) business days of each bout."

**RESPONSE:**  Top Rank admits the existence of the Agreement and Release referenced in this Request and refers to paragraph 5 of such agreement for a full and accurate statement of the terms thereof.  Top Rank denies any allegation or characterization inconsistent with the Agreement and Release, which speaks for itself.

**REQUEST FOR ADMISSION NO. 3:**  Admit that the terms in Exhibit A were negotiated between Top Rank and Chris Middendorf.

**RESPONSE:**  Objection.  Top Rank objects that the term "negotiated" is undefined and, therefore, vague and ambiguous.  More specifically, it is unclear whether Plaintiff is seeking an admission that Top Rank negotiated the provisions of Exhibit A—*i.e.* the contractual language— or the substantive terms of the deal memorialized in Exhibit A.  Accordingly, Top Rank is unable to respond to this Request as worded and, therefore, denies the same.

**REQUEST FOR ADMISSION NO. 4:**  Admit that Top Rank drafted Exhibit A.

**RESPONSE:**  Top Rank admits that it prepared the Agreement and Release attached as Exhibit A in conjunction with input provided by TKO Boxing Promotions, LLC and/or Plaintiff.

**REQUEST FOR ADMISSION NO. 5:**  Admit that Exhibit A does not have a date terminating the Agreement.

**RESPONSE:** Objection. Top Rank objects that this Request calls for a conclusion on one of the ultimate issues in the case and is, therefore, improper under FRCP 36. *See Streck, Inc v. Diagnostic Sys., Inc.*, 2009 WL 1616629, at *2 (D.Neb. June 4, 2009) ("Requests for admission are properly objectionable when they call for a conclusion on one of the ultimate issues in the case[.] Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response."). Based on the foregoing objection, Top Rank denies this Request.

**INTERROGATORY NO. 1:** If your Response to Request for Admission No. 5 is anything other than an unqualified admission, please state the termination date of Exhibit A.

**RESPONSE:** Objection. Top Rank objected to Request for Admission No. 5 as it calls for a conclusion on one of the ultimate issues in the case and is, therefore, improper under FRCP 36. *See Streck, Inc v. Diagnostic Sys., Inc.*, 2009 WL 1616629, at *2 (D.Neb. June 4, 2009) ("Requests for admission are properly objectionable when they call for a conclusion on one of the ultimate issues in the case[.] Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response."). Because Request for Admission No. 5 is objectionable, no response to this Interrogatory is required. *Id.* (stating that the defendant's refusal to respond to interrogatories corresponding with objectionable request for admission was "more than adequate.").

Subject to and without waiving the foregoing objections, pursuant to paragraph 5 of the Agreement and Release, Top Rank was obligated to pay eight percent (%) of Crawford's purse for each Title Defense promoted pursuant to the Promotional Rights Agreement. The Promotional Rights Agreement terminated on September 16, 2014 when Top Rank and Crawford entered into the Exclusive Restated Promotional Rights Agreement, which expressly superseded and replaced the Promotional Rights Agreement referenced in paragraph 5 of the Agreement and

4

Release.  Had the Promotional Rights Agreement not terminated on September 16, 2014, the Promotional Rights Agreement (and, in turn, Top Rank's obligation to pay eight percent (8%) of Crawford's purse for each Title Defense under the Agreement and Release) would have expired by its own terms on July 30, 2016.

**REQUEST FOR ADMISSION NO. 6:**  Admit that, according to Exhibit A, Top Rank is responsible to pay Plaintiff 8% of Terence Crawford's purse after each of Terence Crawford's title defenses.

**RESPONSE:**  Objection.  Top Rank objects that this Request calls for a conclusion on one of the ultimate issues in the case and is, therefore, improper under FRCP 36.  *See Streck, Inc v. Diagnostic Sys., Inc.*, 2009 WL 1616629, at *2 (D.Neb. June 4, 2009) ("Requests for admission are properly objectionable when they call for a conclusion on one of the ultimate issues in the case[.]  Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response.").  Based on the foregoing objection, Top Rank denies this Request.

**INTERROGATORY NO. 2:**  If your Response to Request for Admission No. 6 is anything other than an unqualified admission, please explain why Top Rank is not responsible to pay Plaintiff 8% of Terence Crawford's purse after each of Terence Crawford's title defenses.

**RESPONSE:**  Objection.  Top Rank objected to Request for Admission No. 6 as it calls for a conclusion on one of the ultimate issues in the case and is, therefore, improper under FRCP 36.  *See Streck, Inc v. Diagnostic Sys., Inc.*, 2009 WL 1616629, at *2 (D.Neb. June 4, 2009) ("Requests for admission are properly objectionable when they call for a conclusion on one of the ultimate issues in the case[.]  Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response.").  Because Request for Admission No. 5 is objectionable, no response to this Interrogatory is required.  *Id.* (stating that the defendant's refusal to respond to

5

interrogatories corresponding with objectionable request for admission was "more than adequate."). In addition, this Interrogatory is vague as to time and scope insofar as it does not define a timeframe in which Top Rank is allegedly responsible to pay Plaintiff eight percent (8%) of Crawford's purse after each Title Defense.

Subject to and without waiving the foregoing objections, pursuant to paragraph 5 of the Agreement and Release, Top Rank was only obligated to pay eight percent (8%) of Crawford's purse for each Title Defense promoted pursuant to the Promotional Rights Agreement.

**REQUEST FOR ADMISSION NO. 7:** Admit that Exhibit B is a true and correct copy of a Notice of Agreed Assignment of Rights dated June 19, 2011, signed by Chris Middendorf. Admit that Top Rank drafted Exhibit B.

**RESPONSE:** Objection. Top Rank objects that this Request is compound insofar as it seeks admissions of two independent facts. Subject to and without waiving the foregoing objections, Top Rank admits that Exhibit B is a true and correct copy of a Notice of Agreed Assignment of Rights dated June 19, 2011, signed by Chris Middendorf. To the extent any response is required to the second request for admission presented in this compound Request, Top Rank denies that it drafted Exhibit B.

**REQUEST FOR ADMISSION NO. 8:** Admit that Top Rank drafted Exhibit B.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 9:** Admit that Exhibit C is a true and correct copy of the current Promotional Rights Agreements between Top Rank and Terence Crawford.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 10:** Admit that Top Rank drafted Exhibit C.

**RESPONSE:**  Top Rank admits that it prepared the typewritten portion of the Exclusive Restated Promotional Rights Agreement in conjunction with input provided by Crawford's representatives.

**REQUEST FOR ADMISSION NO. 11:**  Admit that Terence Crawford fought Yuriorkis Gamboa on June 28, 2014 in Omaha, Nebraska.

**RESPONSE:**  Admit.

**INTERROGATORY NO. 3:**  What was Terence Crawford's purse when he fought Yuriorkis Gamboa on June 28, 2014?

**RESPONSE:**  Five Hundred Thousand Dollars ($500,000).

**REQUEST FOR ADMISSION NO. 12:**  Admit that Terence Crawford defended his WBO world lightweight title against Yuriorkis Gamboa on June 28, 2014 in Omaha, Nebraska.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 13:**  Admit that Exhibit D is a true and correct copy of a check dated July 24, 2014, from Top Rank to Middendorf Sports for $40,000.00.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 14:**  Admit that $40,000.00 is 8% of Terence Crawford's purse for his fight against Yuriorkis Gamboa.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 15:**  Admit that Terence Crawford fought Raymundo Beltran on November 29, 2014 in Omaha, Nebraska.

**RESPONSE:**  Admit.

**INTERROGATORY NO. 4:**  What was Terence Crawford's purse when he fought Raymundo Beltran on November 29, 2014?

7

**RESPONSE:** Eight Hundred Thousand Dollars ($800,000).

**REQUEST FOR ADMISSION NO. 16:** Admit that Terence Crawford defended his WBO World Lightweight Title against Raymundo Beltran on November 29, 2014 in Omaha, Nebraska.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 17**: Admit that Exhibit E is a true and correct copy of a check dated December 3, 2014, from Top Rank to Middendorf Sports for $64,000.00.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 18:** Admit that $64,000.00 is 8% of Terence Crawford's purse for his fight against Raymundo Beltran on November 29, 2014.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 19:** Admit that Top Rank identifies Plaintiff as Co-Promoter on Exhibit E.

**RESPONSE:** Top Rank admits that the "Comment" section of the document attached as Exhibit E states "co-promo ME (T. Crawford) 11/29/14 NE."

**REQUEST FOR ADMISSION NO. 20:** Admit that Terence Crawford fought Jean Dierry on October 24, 2015 in Omaha, Nebraska.

**RESPONSE:** Top Rank admits that Crawford fought Dierry Jean on October 24, 2015 in Omaha, Nebraska.

**INTERROGATORY NO. 6:** What was Terence Crawford's purse when he fought Jean Dierry on October 24, 2015 in Omaha, Nebraska.

**RESPONSE:** Crawford's purse when he fought Dierry Jean on October 24, 2015 in Omaha, Nebraska was One Million Two Hundred Thousand Dollars ($1,200,000).

8

**REQUEST FOR ADMISSION NO. 21:**  Admit that Terence Crawford defended his WBO World Super Lightweight title against Jean Dierry on October 24, 2015 in Omaha, Nebraska.

**RESPONSE:**  Top Rank admits that Crawford defended his WBO Junior Welterweight Title against Dierry Jean on October 24, 2015 in Omaha, Nebraska.

**REQUEST FOR ADMISSION NO. 22:**  Admit that Exhibit F is a true and correct copy of a check dated October 24, 2015, from Top Rank to Middendorf Sports for $96,000.00.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 23:**  Admit that $96,000.00 is 8% of Terence Crawford's purse for his fight against Jean Dierry on October 24, 2015.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 24:**  Admit that Top Rank identifies Plaintiff as Co-Promoter on Exhibit F.

**RESPONSE:**  Top Rank admits that the "Comment" section of the document attached as Exhibit E states "co-promo ME (T. Crawford) 10/24/15 NE."

**REQUEST FOR ADMISSION NO. 25:**  Admit that Terence Crawford fought Hank Lundy on February 27, 2016 in New York, New York.

**RESPONSE:**  Admit.

**INTERROGATORY NO. 6:**  What was Terence Crawford's purse for his fight against Hank Lundy on February 27, 2016 in New York, New York.

**RESPONSE:**  One Million Two Hundred Ten Thousand Dollars ($1,210,000).

**REQUEST FOR ADMISSION NO. 26:** Admit that Terence Crawford defended his WBO World Super Lightweight title against Hank Lundy on February 27, 2016 in New York, New York.

**RESPONSE:** Top Rank admits that Crawford defended his WBO Junior Welterweight Title against Hank Lundy on February 27, 2016 in New York, New York.

**REQUEST FOR ADMISSION NO. 27:** Admit that Exhibit G is a true and correct copy of a check dated February 27, 2016, from Top Rank to Christopher S. Middendorf for $96,800.00.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 28:** Admit that $96,800.00 is 8% of Terence Crawford's purse for his fight against Hank Lundy on February 27, 2016.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 29:** Admit that Top Rank identifies Plaintiff as Co-Promoter on Exhibit G.

**RESPONSE:** Top Rank admits that a handwritten notation appears on the document attached as Exhibit G which states "co promo Crawford 8% $96,800."

**REQUEST FOR ADMISSION NO. 30:** Admit that Terence Crawford fought Viktor Postol on July 23, 2016 in Las Vegas, Nevada.

**RESPONSE:** Admit.

**INTERROGATORY NO. 7:** What was Terence Crawford's purse for his fight against Viktor Postol on July 23, 2016 in Las Vegas, Nevada?

**RESPONSE:** One Million Three Hundred Thousand Dollars ($1,300,000).

10

**REQUEST FOR ADMISSION NO. 31:**    Admit that Terence Crawford defended his WBO World Super Lightweight Title against Viktor Postol on July 23, 2016 in Las Vegas, Nevada.

**RESPONSE:** Top Rank admits that Crawford defended his WBO Junior Welterweight Title against Viktor Postol on July 23, 2016 in Las Vegas, Nevada, but also challenged for Postol's WBC World Super Lightweight Title in a title unification bout.

**INTERROGATORY NO. 8:**    If your answer to the prior Request for Admission is anything other than an unqualified admission, please explain your answer.

**RESPONSE:** *See* Response to Request for Admission No. 31.

**REQUEST FOR ADMISSION NO. 32:**    Admit that sanctioning fees were paid to the WBO following Terence Crawford's bout with Viktor Postol on July 23, 2016 in Las Vegas, Nevada.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 33:**    Admit that Terence Crawford's purse for his fight against Viktor Postol on July 23, 2016 in Las Vegas, Nevada  was $1,300,000.00.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 34:**    Admit that Top Rank has not paid Plaintiff 8% of Terence Crawford's purse following Terence Crawford's bout against Viktor Postol on July 23, 2016 in Las Vegas, Nevada.

**RESPONSE:** Admit.

**INTERROGATORY NO. 9:**    Please explain why Top Rank has not paid Plaintiff 8% of Terence Crawford's purse following Terence Crawford's bout against Viktor Postol on July 23, 2016 in Las Vegas, Nevada.

11

**RESPONSE:**  Top Rank is not contractually obligated to pay Plaintiff eight percent (8%) of Crawford's purse for his bout with Postol on July 23, 2016 in Las Vegas, Nevada.  Crawford's title unification bout with Postol was not solely a "Title Defense" as provided for and defined in the Promotional Rights Agreement.  Moreover, Top Rank's contractual obligation to pay eight percent (8%) of Crawford's purse for each Title Defense ended when Top Rank and Crawford terminated the Promotional Rights Agreement on September 14, 2014.  Accordingly, Top Rank's promotion of Crawford for his bout with Postol was not governed by the Promotional Rights Agreement referenced in paragraph 5 of the Agreement and Release.

**REQUEST FOR ADMISSION NO. 35:**  Admit that Plaintiff has made a demand on Top Rank to pay Plaintiff 8% of Terence Crawford's purse after the Viktor Postol fight on July 23, 2016 in Las Vegas, Nevada.

**RESPONSE:**  Objection.  Top Rank objects that the term "demand" is undefined and, as such, is vague and ambiguous.  Subject to and without waiving the foregoing objections, admit.

**REQUEST FOR ADMISSION NO. 36:**  Admit that Terence Crawford fought John Molina, Jr. on December 10, 2016 in Omaha, Nebraska.

**RESPONSE:**  Admit.

**INTERROGATORY NO. 10:**  What was the purse for Terence Crawford when he fought John Molina, Jr. on December 10, 2016 in Omaha, Nebraska?

**RESPONSE:**  One Million Five Hundred Thousand Dollars ($1,500,000).

**REQUEST FOR ADMISSION NO. 37:**  Admit that Terence Crawford's [sic] defended his WBO World Super Lightweight Title against John Molina, Jr. on December 10, 2016 in Omaha, Nebraska.

12

**RESPONSE:**  Top Rank admits that Crawford defended his WBO Junior Welterweight Title against John Molina, Jr. on December 10, 2016 in Omaha, Nebraska.

**INTERROGATORY NO. 11:**  If your answer to the prior Request for Admission is anything other than an unqualified admission, please explain your answer.

**RESPONSE:**  *See* Response to Request for Admission No. 37.

**REQUEST FOR ADMISSION NO. 38:**  Admit that sanctioning fees were paid to the WBO following Terence Crawford's fight against John Molina, Jr. on December 10, 2016 in Omaha, Nebraska.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 39:**  Admit that the purse for Terence Crawford's fight against John Molina, Jr. on December 10, 2016 in Omaha, Nebraska was $1,500,000.00.

**RESPONSE:**  Admit.

**REQUEST FOR ADMISSION NO. 40:**  Admit that Top Rank has not paid Plaintiff 8% of Terence Crawford's purse following the John Molina, Jr. fight on December 10, 2016 in Omaha, Nebraska.

**RESPONSE:**  Admit.

**INTERROGATORY NO. 12:**  Please explain why Top Rank has not paid Plaintiff 8% of Terence Crawford's purse following Terence Crawford's fight against John Molina, Jr. on December 10, 2016 in Omaha, Nebraska.

**RESPONSE:**  Top Rank is not contractually obligated to pay Plaintiff eight percent (8%) of Crawford's purse for bout with Molina on December 10, 2016 in Omaha, Nebraska.  Pursuant to paragraph 5 of the Agreement and Release, Top Rank was obligated to pay eight percent (8%) of Crawford's purse for each Title Defense promoted pursuant to  the Promotional Rights

13

Agreement.  The Promotional Rights Agreement terminated on September 16, 2014 when Top Rank and Crawford entered into the Exclusive Restated Promotional Rights Agreement, which expressly superseded and replaced the Promotional Rights Agreement referenced in paragraph 5 of the Agreement and Release.  Had the Promotional Rights Agreement not terminated on September 16, 2014, the Promotional Rights Agreement (and, in turn, Top Rank's obligation to pay eight percent (%) of Crawford's purse for each Title Defense under the Agreement and Release) would have expired by its own terms on July 30, 2016—approximately four months before the Molina bout.

**REQUEST FOR ADMISSION NO. 41:**  Admit that Plaintiff has made a demand on Top Rank to pay Plaintiff 8% of Terence Crawford's purse after the John Molina, Jr. fight on December 10, 2016 in Omaha, Nebraska.

**RESPONSE:**  Objection.  Top Rank objects that the term "demand" is undefined and, as such, is vague and ambiguous.  Subject to and without waiving the foregoing objections, admit.

**REQUEST FOR ADMISSION NO. 42:**  Admit that Top Rank provided Terence Crawford with a Muhammad Ali Act Disclosure Statement to sign after each bout from January 1, 2014 to the present.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is

proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**INTERROGATORY NO. 13:**  If your answer to the prior Request for Admission is anything other than an unqualified admission, please explain why Top Rank did not provide Terence Crawford with a Muhammad Ali Act Disclosure Statement to sign after each bout from January 1, 2014 to the present.

**RESPONSE:**  Objection.  Top Rank objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.   In addition, Top Rank objects that this Interrogatory seeks discovery that is not proportional to the needs of the case.   Top Rank will not further respond to this Interrogatory unless and until Plaintiff demonstrates how the Interrogatory is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 1:**  Please produce a copy of all Muhammad Ali Act Disclosure Statements signed by Terence Crawford after each bout Terence Crawford participated in from January 1, 2014 to the present.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.   In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.   Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is

proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR ADMISSION NO. 43:** Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Ricky Burns bout of March 1, 2014.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 2:** Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Ricky Burns bout of March 1, 2014.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

16

**REQUEST FOR ADMISSION NO. 44:**  Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Yuriorkis Gamboa bout of June 28, 2014.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 3:**  Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Yuriorkis Gamboa bout of June 28, 2014.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

17

**REQUEST FOR ADMISSION NO. 45:** Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Raymundo Beltran bout of November 29, 2014.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 4:** Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Raymundo Beltran bout of November 29, 2014.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

18

**REQUEST FOR ADMISSION NO. 46:**  Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Thomas Dulorme bout of April 18, 2015.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 5:**  Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Thomas Dulorme bout of April 18, 2015.

**RESPONSE**:  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

19

**REQUEST FOR ADMISSION  NO. 47:**  Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Jean Dierry bout of October 24, 2015.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 6:**  Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Jean Dierry bout of October 24, 2015.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR ADMISSION NO. 48:**  Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Henry Lundy bout of February 27, 2016.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 7:**  Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Henry Lundy bout of February 27, 2016.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR ADMISSION NO. 49:**  Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the Viktor Postol bout of July 23, 2016.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 8:**  Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the Viktor Postol bout of July 23, 2016.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR ADMISSION NO. 50:**  Admit that Top Rank had Terence Crawford sign a Muhammad Ali Act Disclosure Statement after the John Molina, Jr. bout of December 10, 2016.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 9:**  Produce a copy of the Muhammad Ali Act Disclosure Statement signed by Terence Crawford following the John Molina, Jr. bout of December 10, 2016.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR ADMISSION NO. 51:** Admit that Top Rank filed each Muhammad Ali Act Disclosure Statement signed by Terence Crawford following each of his bouts from January 1, 2014 to the present with the appropriate state boxing commission in each state that Terence Crawford fought in.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR ADMISSION NO. 52:** Admit that, if Top Rank does not have a signed Muhammad Ali Act Disclosure Statement from Terence Crawford following each of his bouts from January 1, 2014 to the present, then Top Rank does not have a valid promotional contract with Terence Crawford.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request calls for a legal conclusion. Moreover, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to

24

any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 10:** Please provide a full accounting of each of Terence Crawford's fights from January 1, 2014 to the present, using the definition of the term Net Gate Revenue as defined on page 5 of Exhibit C.

**RESPONSE:** Objection. Top Rank objects to this Request as vague and ambiguous to the extent it purports to seek an accounting of Crawford's fights based on the term Net Gate Revenue as defined on page 5 of Exhibit C. Top Rank further objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 11:** Please provide a copy of the complete detailed report on the Net Gate Revenues (along with any Ticket Master or equivalent report) for the events and the costs and expenses included in the computation of the Net Gate Revenues accompanied by the fee which is payable to the fighter that was delivered to Terence Crawford within 60 days after each boxing event Terence Crawford participated in from January 1, 2014 to the present.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In

25

addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**INTERROGATORY NO. 14:**  Does Top Rank consider Plaintiff to be a co-promoter with Top Rank regarding Terence Crawford's boxing career? If not, why not?

**RESPONSE:**  Objection.  Top Rank objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.   In addition, Top Rank objects that this Interrogatory seeks discovery that is not proportional to the needs of the case.  Top Rank further objects that the term "co-promoter" is undefined and, as such, this Interrogatory is vague and ambiguous.   Finally, Top Rank objects that this Interrogatory calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff is not a co-promoter with Top Rank with regard to Crawford's boxing career.  Top Rank's promotion of Crawford is governed by the Exclusive Restated Promotional Rights Agreement to which Plaintiff is not a party.   Moreover, Plaintiff has had no role or involvement in Top Rank's promotion of Crawford's bouts.

**REQUEST FOR ADMISSION NO. 53:**  Admit that under Section 3(b) of Exhibit C, Top Rank agrees to make additional payments to Terence Crawford "(i) If the Net Gate Revenues should exceed $500,000, then Promoter will pay to Fighter an additional $35,000.00."

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Top Rank admits the existence of the Exclusive Restated Promotional Rights Agreement referenced in this Request and refers to Section 3(b) of such agreement for a full and accurate statement of the terms thereof.  Top Rank denies any allegation or characterization inconsistent with the Exclusive Restated Promotional Rights Agreement, which speaks for itself.

**REQUEST FOR ADMISSION NO. 54:**  Admit that under Section 3(b) of Exhibit C, Top Rank agrees to make additional payments to Terence Crawford "(ii) If the Net Gate Revenues should exceed $600,000, then Promoter will pay to Fighter an additional $50,000."

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Top Rank admits the existence of the Exclusive Restated Promotional Rights Agreement referenced in this Request and refers to Section 3(b) of such agreement for a full and accurate statement of the terms thereof.  Top Rank denies any allegation or characterization inconsistent with the Exclusive Restated Promotional Rights Agreement, which speaks for itself.

**REQUEST FOR ADMISSION NO. 55**:  Admit that under Section 3(b) of Exhibit C, Top Rank agrees to make additional payments to Terence Crawford "(iii) If the Net Gate Revenues should exceed $700,000, the Promoter will pay to Fighter an additional $70,000."

**RESPONSE**:  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Top Rank admits the existence of the Exclusive Restated Promotional Rights Agreement referenced in this Request and refers to Section 3(b) of such agreement for a full and accurate statement of the terms thereof.  Top Rank denies any allegation or characterization inconsistent with the Exclusive Restated Promotional Rights Agreement, which speaks for itself.

**INTERROGATORY NO. 15**:  Has Top Rank paid Terence Crawford any monies under Section 3(b)(i), (ii), or (iii) of Exhibit C related to the Net Gate Revenues? If so, what fights were payments paid from? If not, why has Top Rank not paid Terence Crawford any monies Section 3(b)(i), (ii), or (iii) of Exhibit C related to the Net Gate Revenues?

**RESPONSE**:  Objection.  Top Rank objects that this Interrogatory is compound and contains multiple discrete subparts under FRCP 33.  Top Rank further objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Interrogatory seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome.  Top Rank will not further respond to this Interrogatory unless and until Plaintiff demonstrates how the Interrogatory is reasonably calculated to lead to the discovery of

28

admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**INTERROGATORY NO. 16:**  How much has Top Rank paid Terence Crawford under Section 3(b)(i), (ii), or (iii) of Exhibit C? Please be specific as to the date and the amount of any payments made to Terence Crawford under Section 3(b)(i), (ii), or (iii).

**RESPONSE:**  Objection.  Top Rank objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  Top Rank further objects that this Interrogatory seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome.  Top Rank will not further respond to this Interrogatory unless and until Plaintiff demonstrates how the Interrogatory is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 12:**  Please produce all checks evidencing any payments from Top Rank to Terence Crawford that were paid under Section 3(b)(i), (ii), or (iii) of Exhibit C related to the Net Gate Revenues.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome.  Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense

in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents evidencing the method Top Rank used to calculate the Live Gate figures in order to pay Terence Crawford any monies under Section 3(b)(i), (ii), or (iii) of Exhibit C.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents evidencing the Live Gate Revenues for each of Terence Crawford fights from January 1, 2014 to the present.

**RESPONSE:** Objection. Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant. In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case, seeks confidential information, and is unduly burdensome. Top Rank will not further respond to this Request unless and until Plaintiff demonstrates how the Request is reasonably calculated to lead to the discovery of admissible evidence in relation to any allegation or defense in this matter, that the requested discovery is proportional to the needs of the case, and/or a court order compels the production after a finding of discoverability.

30

**REQUEST FOR ADMISSION NO. 56:**  Admit that Top Rank considers any monies paid to Terence Crawford related to the Net Gate Revenues under Section 3(b)(i), (ii), or (iii) of Exhibit C to be part of Terence Crawford's purse.

**RESPONSE:**  Objection.  Top Rank objects to this Request as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Request seeks discovery that is not proportional to the needs of the case.  Without waiving the foregoing objections, deny.

**INTERROGATORY NO. 17:**  Does Top Rank consider monies paid to Terence Crawford related to the Live Gate Revenues under Section 3(b) (i), (ii), or (iii) of Exhibit C to be part of Terence Crawford's purse? If not, why doesn't Top Rank consider monies paid to Terence Crawford related to the Live Gate Revenues under Section 3(b) (i), (ii), or (iii) of Exhibit C to be part of Terence Crawford's purse?

**RESPONSE:**  Objection.  Top Rank objects to this Interrogatory as it is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, irrelevant.  In addition, Top Rank objects that this Interrogatory seeks discovery that is not proportional to the needs of the case.

Without waiving the foregoing objections, monies paid to Crawford related to the Live Gate Revenues under Section 3(b)(i), (ii), or (iii) of Exhibit C do not constitute a portion of Crawford's purse. Crawford's "purse" for any given bout is addressed in Section 3(a) of the Exclusive Restated Promotional Rights Agreement while Crawford's "additional compensation for [ ] participation in bouts featured as main events occurring in Omaha, Nebraska" is separately provided for in Sections 3(b) (i), (ii), and (iii) of the Exclusive Restated Promotional Rights

Agreement. Simply put, any claim that Crawford's "additional compensation" for "[g]ate [p]articipation" forms a part of Crawford's "purse" is incorrect.

**REQUEST FOR PRODUCTION NO. 15:** If Exhibit C is not the current Promotional Rights Agreement between Top Rank and Terence Crawford, please provide us with a true and accurate copy of the current Promotional Agreement Top Rank has with Terence Crawford.

**RESPONSE:**

*See* the documents previously produced and identified as follows: TOPRANK 000023-38.

DATED this 8th day of May, 2017.

TOP RANK, INC.

By **/s/ *J. Colby Williams***
Donald J. Campbell, Esq. (*pro hac vice*)
J. Colby Williams, Esq. (*pro hac vice*)
Philip R. Erwin, Esq. (*pro hac vice*)
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
djc@cwlawlv.com
jcw@cwlawlv.com
pre@cwlawlv.com

and

Joseph S. Daly, Esq. (#10896)
SODORO, DALY, SHOMAKER & SELDE, P.C
7000 Spring Street
Omaha, Nebraska 68106
Telephone: (402) 397-6200
Facsimile: (402) 397-6290
jdaly@sodorolaw.com

and

32

Patrick J. Borchers, Esq. (#21664)
2500 California Plaza
Omaha, Nebraska 68178
Telephone: (402) 280-3009
Facsimile: (402) 280-2787
PatrickBorchers@creighton.edu

## VERIFICATION

STATE OF _Nevada_ )
                        ) ss:
COUNTY OF _Clark_ )

DAVE LOPEZ, being first duly sworn, deposes and says:

That he is the Chief Financial Officer of the Defendant, Top Rank, Inc., in the above-entitled action; that he has read the above and foregoing Defendant Top Rank, Inc.'s Responses to Plaintiff's Interrogatories, knows the contents thereof, and that the same is true of his own knowledge, except for those matters therein stated on information and belief, and as to those matters he believes to be true.

_____
DAVE LOPEZ

STATE OF _Nevada_ )
                        ) ss:
COUNTY OF _Clark_ )

SUBSCRIBED AND SWORN to me before
this _6th_ day of _May_ , 2017 by
_Dave Lopez_.

_____
NOTARY PUBLIC

JOHN CHONG
Notary Public, State of Nevada
Appointment No. 15-1821-1
My Appt. Expires Jun 26, 2019

34

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing was made on the 8th day of

May, 2017 via U.S. Mail and e-mail addressed to the following parties:

D.C. "Woody" Bradford III, Esq.
Keith A. Harvat, Esq.
HOUGHTON BRADFORD WHITTED PC, LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
Telephone: (402) 344-4000
Facsimile: (402) 930-1099
wbradford@houghtonbradford.com
kharvat@houghtonbradford.com

Michael Miller, Esq.
LAW OFFICES OF MICHAEL MILLER, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Telephone: (210) 225-6666
Facsimile: (210) 225-2300
mmiller@michaelmillerlaw.com

Todd C. Kinney, Esq.
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 346-6000
Todd.Kinney@KutakRock.com

/s/ *Philip R. Erwin*
An Employee of Campbell & Williams